## JOHN A. GALE *v.* GWINTHLIAM H. KINZIE,

### and

### FRANCIS E. MOORE *v.* SAME.

DOWER—*widow entitled to accretions to riparian property.* The widow of one who, during coverture, was a riparian proprietor, becomes dowable, upon his death, in the accretions to the riparian estate.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE, for the appellants.

Messrs. CAULFIELD, HARDIN & PATTON, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

We have examined this record with great care, and can find no fact established by the proofs in it, of a nature sufficient to change the views this court entertained and expressed in *Kinzie* v. *Winston*, 56 Ill. 56. It was there held, on the strength of the testimony then before us, and which is embodied in this record, that, at the date of Kinzie's bankruptcy, in 1841, there was a portion of this triangle forming a part of Sand street, vested in Kinzie, and passed to his assignee in bankruptcy, and was a proper subject of sale by the assignee. This was the title under which Winston claimed and defended successfully.

It would follow, as a necessary corrollary, that, being Kinzie's estate, his widow, on his death, became dowable in the accretions thereto; and so it was held in *Lombard* v. *Kinzie,* 73 Ill. ——. These lots, 8, 9, claimed by Gale, and 10, 11, claimed by Moore, are portions of accretions to Sand street, the fee in which belonged to Kinzie during coverture.

The question now raised by appellants was not presented in *Kinzie* v. *Winston, supra,* nor in *Lombard* v. *Kinzie, supra.*

It is now claimed, that, instead of this little triangular portion of Sand street being the shore line to which these accretions attached, the encroachments of the lake were so great as to make lot 12, in block 54, the shore line, to no portion of which, as dower, had appellee any pretensions.

It is claimed the testimony establishes as fact that this triangle was entirely engulphed in the waters of the lake, and that, by silent and imperceptible erosion, thereby became a part of the bed of the lake, of which the State, in virtue of her sovereignty, became owner.

We do not understand, from the testimony, that this triangle was at any time separated from block 54 by gradual and imperceptible erosion, but it was engulphed, temporarily, by the waters of the lake violently agitated by the winds. We should understand, from the testimony, there was an avulsion of that shore, but not permanent, for so soon, or soon after the subsidence of the influences producing the avulsion, the loss was made up by steady and constant accretions. By these accretions the shore line of the lake, as appears from the plats in evidence, is now many hundred feet east of the original west line of this triangle. That all this large body of land must be deemed accretions to the land to which it is attached, seems reasonable and just, and that land, we think, is this triangle, once a part of Sand street, and not the interior piece known as block 54.

Entertaining these views, we must affirm the judgment.

*Judgment affirmed.*

Mr. JUSTICE DICKEY, having been of counsel in this controversy, took no part in the consideration of this case.